JAMES S. DIGBY *v*. CITY COURT OF NEWPORT, ET AL.

[Kentucky Law Reporter, Vol. 1—170.
Reported in full, 8 Ky. L. 144.]

**Power of General Assembly to Create Courts.**

> Section 1, Art. 4, of the state constitution, vests the judicial power of the state in the Court of Appeals, the courts established by the constitution, and such courts inferior to the Supreme Court as the general assembly may establish, and implies that the legislature has power to establish all such inferior courts as it may deem proper.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 15, 1880.

OPINION BY JUDGE COFER:

In our opinion Sec. 38, Art. 4, Const. does not relate to police courts. The phrase "municipal courts" is, no doubt, broad enough to include police courts; but the uniform practice of the general assembly, from the adoption of the constitution down to the present time, to establish police courts in towns and villages not entitled to separate representation, and the recognition by the courts of the legal existence of police courts in such towns, shows that this section has not heretofore been regarded as inhibiting the creation of such courts in towns not entitled to separate representation. Many such courts have been established, and proceedings in one way and another have been repeatedly before this court, and their legal existence has not been questioned.

Section 1 of Art. 4 vests the judicial power of the state in the Court of Appeals, the courts established by the constitution, and such courts inferior to the Supreme Court as the general assembly may from time to time establish, clearly implying that the legislature has plenary power to establish such courts inferior to the Court of Appeals as it may deem proper. And Section 88 seems rather to be an additional grant than a limitation upon the power to create courts.

Nor do we regard that part of the act conferring civil jurisdiction upon the city court of Newport as void because the subject of the act is not expressed in the title. Counsel concedes that the title is sufficient to embrace so much of the act as creates a police court and gives it penal jurisdiction; and we are unable to see upon what ground that conferring civil jurisdiction is to be rejected.

The title being sufficient to uphold that part of the act creating the

court, that part regulating its jurisdiction would seem to be so connected as to be upheld also.

Judgment *affirmed.*

*J. R. Hallam, for appellant.　R. W. Nelson, for appellees.*